# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas D. Yokois,<br><br>  Plaintiff,<br><br>v.<br><br>Arizona Department of Corrections, et al.,<br><br>  Defendants. | No. CV 16-02856-PHX-DGC (MHB)<br><br>**ORDER** |

Plaintiff Douglas D. Yokois, who is currently confined in the Arizona State Prison Complex South Unit in Florence, Arizona has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 28.) Plaintiff has filed a Motion for Preliminary Injunction (Doc. 64) and a "Notice to the Court Regarding Harassment and Retaliation Against Plaintiff" (Doc. 80). The Court will construe these as motions for injunctive relief. Defendants oppose the motions. (Doc. 69.) The Court will deny the motions.[1]

**I.  Background**

In his three-count Second Amended Complaint, Plaintiff sued several Defendants for violations of his religious rights under the First Amendment and the Religious Land

---

[1] Also before the Court is Plaintiff's Motion to Seal the Lodged Proposed Declaration of inmate John Schenk. (Doc. 62.) The Court has reviewed the lodged declaration, and it has no bearing on the Court's analysis of Plaintiff's motions for injunctive relief. Accordingly, the Motion to Seal will be denied.

Use and Institutionalized Persons Act (RLUIPA) arising from their alleged denial of Plaintiff's use and possession of several religious items. (Doc. 28.) On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated First Amendment and RLUIPA claims against Defendants Cervantes, Daniel, Vicklund, O'Neil, Linderman, Brown, Henry, Ryan, Van Winkle, Hensley, Thompson, McWilliams, Pinney, Cheriyan, Mattos, Curran,[2] and Miser and directed them to answer. (Doc. 29.) Defendant Herman was later substituted in for Defendant Linderman in his official capacity only. (Doc. 36.)

## II. Motion for Injunctive Relief

In his first motion, Plaintiff seeks a preliminary injunction that prohibits Defendant Ryan and his subordinates "from all further acts of harassment, abuse, retaliation, and discriminatory behaviors against plaintiff" including "intra and inter-unit moves" and searches of his property, mail, or person. (Doc. 64 at 2.) In his second motion, Plaintiff describes several alleged acts of retaliation against him by prison staff members and asks the Court to order Defendants to cease their retaliatory conduct and also "have him x-rayed and to immediately supply him with a replacement serviceable wheelchair suitable for his height and weight." (Doc. 80 at 9.) Defendants oppose the motions on the ground that Plaintiff's requested relief is unrelated to the claims alleged in the Second Amended Complaint. (Doc. 69.)

## III. Discussion

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). An injunction should not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz*

---

[2] Plaintiff mistakenly referred to this Defendant as "Kern" in his Second Amendment Complaint. (Doc. 28; *see* Doc. 41.)

*v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). But if the request for relief concerns the prisoner's access to the courts, "a nexus between the preliminary relief and the ultimate relief sought is not required." *Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990)).

Plaintiff is not entitled to injunctive relief at this time. As an initial matter, Plaintiff's allegations of retaliation and his request for medical treatment arise from events distinct from his First Amendment and RLUIPA claims that are before the Court. New claims may not be presented in a motion for injunctive relief and must be brought in a separate action. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint).

Moreover, even if the Court construes Plaintiff's allegations regarding his legal mail and legal documents as an access-to-courts claim, Plaintiff's request for injunctive relief still fails. To maintain such a claim, an inmate must submit evidence showing an "actual injury" resulting from the defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). The actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." *Id*. at 348-49. Plaintiff has failed to show a likelihood of success on the merits or irreparable injury. There is no evidence that Plaintiff has faced an unreasonable delay or the inability to file anything in this action. A review of the docket reflects that Plaintiff has filed numerous motions and responses. Plaintiff has not shown that his ability to litigate has been impeded. Plaintiff has not been prevented from bringing a claim. Thus, Plaintiff has not established actual injury. Plaintiff has also failed to satisfy the remaining requirements that must be shown to warrant injunctive relief. *See Winter*, 555 U.S. at 20.

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion to Seal (Doc. 62), Motion for Preliminary Injunction (Doc. 64), and

"Notice to the Court Regarding Harassment and Retaliation Against Plaintiff" (Doc. 80), and the motions are **denied**.

Dated this 10th day of January, 2018.

_____
David G. Campbell
United States District Judge