**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas D. Yokois, | No. CV 16-02856-PHX-DGC (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Plaintiff Douglas D. Yokois, who is currently confined in the Arizona State Prison Complex-Florence, brought this civil rights action pursuant to the Court's jurisdiction under 28 U.S.C. § 1331. Pending before the Court is Plaintiff's "Motion for Injunction" (Doc. 137), which the Court will construe as a motion for reconsideration. The Court will deny the motion.[1]

**I.      Governing Standard**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J,*

---

[1] Also before the Court are Plaintiff's Motion to Compel (Doc. 134) and Motion to Obtain Access to Docket (Doc. 138), which will be addressed in a separate Order.

*Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**II.  Discussion**

On January 10, 2018, the Court issued an Order denying Plaintiff's Motion for Preliminary Injunction (Doc. 64) because the requested relief went beyond the scope of Plaintiff's claims before the Court. (Doc. 111 at 3.) Specifically, Plaintiff sought an injunction prohibiting Defendants from engaging in retaliatory and harassing behavior, but Plaintiff's only claims before the Court concern his First Amendment religious rights and his rights under the Religious Land Use and Institutionalized Persons Act. (*Id.*) Accordingly, the Court denied Plaintiff's motion because his allegations of retaliation were distinct from the claims in his complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (an injunction should not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint). Plaintiff subsequently appealed the Court's Order to the Ninth Circuit. (Doc. 131.)

In his current motion, Plaintiff asks the Court "to grant the injunction it denied in its Order filed on January 10, 2018 . . . and to stay all further proceedings" in this action pending his appeal to the Ninth Circuit. (Doc. 137 at 1-2.) Plaintiff's motion merely reiterates arguments that were, or could have been, made in his original motion for

injunctive relief and he fails to show that reconsideration of the January 10, 2018 order is warranted due to newly discovered evidence, clear error, or an intervening change in controlling law. Therefore, the Court will deny Plaintiff's motion to the extent that he seeks reconsideration of the January 10, 2018 order.[2] The Court will also deny Plaintiff's motion to the extent that he requests to stay the proceedings pending his appeal of the January 10, 2018 order.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's "Motion for Injunction" (Doc. 137), which the Court construes as a motion for reconsideration. The motion is **denied**.

Dated this 20th day of April, 2018.

_____
David G. Campbell
United States District Judge

---

[2] Plaintiff's "Motion for Injunction" also fails to meet the requirements for obtaining injunctive relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (a plaintiff seeking a preliminary injunction must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest).