SH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas D. Yokois,<br><br>Plaintiff,<br><br>v.<br><br>Arizona Department of Corrections, et al.,<br><br>Defendants. | No. CV 16-02856-PHX-DGC (MHB)<br><br>**ORDER** |

Plaintiff Douglas D. Yokois, who is currently confined in the Arizona State Prison Complex-Eyman, Special Management Unit (SMU) I, in Florence, Arizona, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 28.) Plaintiff has filed a "Notice to the Court Regarding Continuing Harassment and Retaliation Against Plaintiff by Defendants" (Doc. 193) and an "Emergency Motion for Order of Protection from Harassment and Retaliation by Defendants and Extension of Time" (Doc. 195). The Court will construe these as motions for injunctive relief. Defendants oppose the motions. (Docs. 194, 200.)[1]

**I.   Background**

In his three-count Second Amended Complaint, Plaintiff sued several Defendants for violations of his religious rights under the First Amendment and the Religious Land

---

[1] Also before the Court is Defendants' Motion for Summary Judgment (Doc. 186), which will be addressed in a separate Order.

Use and Institutionalized Persons Act (RLUIPA) arising from their alleged denial of Plaintiff's use and possession of several religious items. (Doc. 28.) On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated First Amendment and RLUIPA claims against Defendants Cervantes, Daniel, Vicklund, O'Neil, Linderman, Brown, Henry, Ryan, Van Winkle, Hensley, Thompson, McWilliams, Pinney, Cheriyan, Mattos, Curran,[2] and Miser and directed them to answer. (Doc. 29.) Defendant Herman was later substituted for Defendant Linderman in his official capacity only. (Doc. 36.)

## II. Motions for Injunctive Relief

In his first motion, Plaintiff alleges that he "continues to suffer acts of harassment and retaliation" by Defendants for filing grievances and lawsuits and that false disciplinary charges have been brought against him for engaging in these activities. (Doc. 193 at 1–2.) He also alleges that he "has been cut off from those meager legal resources and copying services all prisoners except him have access to, in the midst of preparing his response to summary judgment motion of Defendants." (*Id.* at 5.) Plaintiff claims that absent an order enjoining Defendants "from their campaign of harassment and retaliation against Plaintiff, he will be totally cut off from his ability to meaningfully respond to Defendants' Motion for Summary Judgment." (*Id.*)

In his second motion, Plaintiff seeks an order of protection preventing Defendants from transferring him from the ASPC-Eyman South Unit to the SMU I. (Doc. 195 at 11.) Plaintiff claims that he is being transferred in retaliation for exercising his First Amendment right to file grievances and lawsuits. (*Id.* at 4.) Plaintiff alleges that being transferred to SMU I will limit his access to legal materials he needs to pursue his claims in this action. (*Id.* at 11–12.) Plaintiff also requests an extension of time to respond to Defendants' Motion for Summary Judgment.

---

[2] Plaintiff mistakenly referred to this Defendant as "Kern" in his Second Amendment Complaint. (Doc. 28; *see* Doc. 41.)

**III. Discussion**

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). An injunction should not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). But if the request for relief concerns the prisoner's access to the courts, "a nexus between the preliminary relief and the ultimate relief sought is not required." *Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009), citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990).

As an initial matter, Plaintiff's allegations of retaliation arise from events distinct from his First Amendment and RLUIPA claims that are before the Court.[3] As the Court previously explained to Plaintiff when ruling on his prior motions for injunctive relief (*see* Doc. 111), new claims may not be presented in a motion for injunctive relief and must be brought in a separate action. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint). If Plaintiff wishes to pursue his allegations of retaliation, he must bring those claims in a separate action.

Moreover, even if the Court construes Plaintiff's allegations regarding his legal materials and legal documents as an access-to-courts claim, Plaintiff's request for injunctive relief still fails. To maintain an access-to-courts claim, an inmate must submit evidence showing an "actual injury" resulting from the defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). With respect to an existing case, the actual injury must

---

[3] It also appears that Plaintiff's request that he not be moved to SMU I is now moot based on Plaintiff's February 21, 2019 notice of address change which indicates his new address is at SMU I. (Doc. 201.)

be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." *Id*. at 348-49. Plaintiff has failed to show a likelihood of success on the merits or irreparable injury as it pertains to an access-to-courts claim. There is no evidence that Plaintiff has faced an unreasonable delay or the inability to file anything in this action. Although Plaintiff claims that he has been cut off from legal resources, he does not specify which legal resources he is being denied access to, and a review of the docket in this matter reflects that Plaintiff has filed numerous motions, responses, and notices and has been able to actively pursue his claims against Defendants. Plaintiff has not shown that his ability to litigate this or any other case has been impeded. Plaintiff has not been prevented from bringing a claim as a result of Defendants' alleged obstructionism. Thus, Plaintiff has not established actual injury. Plaintiff has failed to show that he is likely to succeed on an access-to-courts claim and has failed to show irreparable harm. Thus, the Court need not address the remaining *Winter* factors. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (because the plaintiffs failed to show they are likely to suffer irreparable harm in the absence of preliminary relief, the court need not address the remaining elements of the preliminary injunction standard).

The Court will grant Plaintiff an additional 30 days to respond to Defendants' Motion for Summary Judgment, but will deny Plaintiff's motions for injunctive relief in all other respects.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's "Notice to the Court Regarding Harassment and Retaliation Against Plaintiff" (Doc. 193) and "Emergency Motion for Order of Protection from Harassment and Retaliation by Defendants and Extension of Time" (Doc. 195).

(2) Plaintiff's "Notice to the Court Regarding Harassment and Retaliation Against Plaintiff" (Doc. 193) is **denied**.

(3) Plaintiff's "Emergency Motion for Order of Protection from Harassment and Retaliation by Defendants and Extension of Time" (Doc. 195) is **granted** to the extent

Plaintiff seeks an extension of the deadline to respond to Defendants' Motion for Summary Judgment and **denied** as to Plaintiff's remaining requests for relief.

(4) Plaintiff must respond to Defendants' Motion for Summary Judgment (Doc. 186) **within thirty (30) days** of this Order. **<u>No further deadline extensions will be granted absent extraordinary circumstances.</u>**

Dated this 20th day of May, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge