1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Douglas D. Yokois,                              No.  CV 16-02856-PHX-DGC (MHB)

10                        Plaintiff,                 **ORDER**

11   v.

12   Arizona Department of Corrections, et al.,

13                       Defendants.

14

15

16          Plaintiff Douglas Yokois is currently confined in Arizona state prison.  He brought

17   this civil rights action pursuant to 42 U.S.C. § 1983.  *See* Docs. 1, 28.  On September 17,

18   2019, the Court granted Defendants' summary judgment motion and entered a final

19   judgment.  Docs. 228, 229.  One month later, Plaintiff filed a motion for Rule 11 sanctions

20   and a notice of appeal from the judgment.  Docs. 233, 236.  Defendants seek to clarify

21   whether a response to the motion is required.  Doc. 242.  For reasons stated below, the

22   Court will terminate the motion for sanctions without prejudice to refiling after the

23   appellate proceedings have concluded.  Defendants are not required to file a response to

24   the motion.

25          The filing of a notice of appeal generally "confers jurisdiction on the court of

26   appeals and divests the district court of its control over those aspects of the case involved

27   in the appeal."  *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)

28   (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).  "The Ninth

1    Circuit has explained this divestiture rule as one of judicial economy 'designed to avoid

2    the confusion and waste of time that might flow from putting the same issues before two

3    courts at the same time.'"  *Pinson v. Estrada*, No. CV 18-00535-TUC-RM, 2020 WL

4    2308484, at \*1 (D. Ariz. May 8, 2020) (quoting *Cal. Dep't of Toxic Substances Control v.*

5    *Comm Realty Project, Inc.*, 309 F.3d 1113, 1120-21 (9th Cir. 2002)).  "The operative

6    question in determining jurisdiction is whether 'the district court would be deciding the

7    same issues as the appeals court.'"  *Id.* (quoting *Stein v. Wood*, 127 F.3d 1187, 1190 (9th

8    Cir. 1997)).

9           Plaintiff's motion for sanctions argues that Defendants submitted certain

10   declarations with their summary judgment motion for "(1) the improper purposes of

11   harassment and to cause unnecessary expense to Plaintiff; (2) factual contentions that do

12   not have, or are unlikely to have, evidentiary support after a reasonable opportunity for

13   further investigation or discovery; and (3) denials of factual contentions unwarranted by

14   the evidence."  Doc. 233 at 2.  While Plaintiff seeks monetary sanctions and requests that

15   Defendants' counsel and her office be reprimanded, he also requests that he be granted

16   "summary judgment . . . on each of the issues in which aforenamed persons or their

17   attorneys are found to have violated [Rule] 11(b)."  *Id.* at 18.

18          Deciding the motion for sanctions would require the Court to consider "aspects of

19   the case involved in the appeal."  *Marrese*, 470 U.S. at 379.  Plaintiff asserts that the

20   summary judgment declarations include factual contentions without evidentiary support,

21   and requests that summary judgment be granted in his favor.  Doc. 233 at 2, 18.  The Court

22   concludes that it lacks jurisdiction to rule on the motion for sanctions.  *See Rienhardt v.*

23   *Ryan*, No. CV-03-00290-TUC-DCB, 2016 WL 1171124, at \*5 (D. Ariz. Mar. 25, 2016)

24   ("[Petitoner's] arguments are pending before the appellate court . . . and thus this Court is

25   divested of authority to rule on them.").  Moreover, "it would be an inefficient use of

26   judicial resources for both this Court and the Ninth Circuit to consider the same issues

27   simultaneously with the looming risk of inconsistent rulings."  *SolarCity Corp. v. Salt River*

28   *Project Agric. Improvement & Power Dist.*, No. CV-15-00374-PHX-DLR, 2016 WL

1  5109887, at *2 (D. Ariz. Sept. 20, 2016).  The Court will terminate the motion for sanctions

2  without prejudice to refiling after the appellate proceedings have concluded and the Ninth

3  Circuit's mandate has issued.

4  **IT IS ORDERED:**

5  1.  Plaintiff's motion for Rule 11 sanctions (Doc. 233) is **terminated** without

6  prejudice to refiling after the appellate proceedings have concluded and the mandate

7  has issued.

8  2.  Defendants' motion for clarification (Doc. 242) is **granted**.  Defendants are

9  not required to file a response to Plaintiff's motion.

10  Dated this 19th day of May, 2020.

11

12

13

14  David G. Campbell
   Senior United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28